UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRAD DECHTER,

                Plaintiff,

      -v-                            24-CV-06325 (JAV)

THE MARS AGENCY,                 MEMORANDUM OPINION
                                                      AND ORDER
                Defendant.

JEANNETTE A. VARGAS, United States District Judge:

Currently before the Court is a Joint Motion to Amend the Case Management Plan and Scheduling Order, ECF No. 27, and Defendant's Motion for Leave to File a Motion for Summary Judgment, ECF No. 29. The Joint Motion to Amend is in fact a motion to reopen discovery, which closed on April 18, 2025. The Joint Motion to Amend is DENIED WITHOUT PREJUDICE. The Motion for Leave to File a Motion for Summary Judgment is GRANTED.

## PROCEDURAL HISTORY

A Case Management Plan was entered in this case by Judge Lorna G. Schofield on November 1, 2024. ECF No. 8. Pursuant to the Case Management Plan, the deadline for the completion of fact discovery was March 3, 2025. *Id*. at 2. The deadline for the completion of expert discovery was April 18, 2025. *Id*. at 3.

The Case Management Plan provides: "[t]his Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to

be extended." *Id*. at 4. The Court explicitly warned, in bold text, that "[t]he use of any alternative dispute resolution mechanism does not stay or modify any date in this Order." *Id*. at 2.

In a status letter submitted on January 3, 2025, the parties stated that Defendant had propounded interrogatories and document requests in accordance with the deadlines set by the Case Management Plan, and that Plaintiff's responses would be served by January 16, 2025. ECF No. 15. The parties gave no indication that any extension of any discovery deadline might be necessary at that time. *Id*.

This Case was reassigned to the undersigned on December 29, 2024. This Court entered an order on February 4, 2025, scheduling a pretrial conference on May 7, 2025. ECF NO. 16. The order explicitly stated that all prior deadlines set by Judge Schofield shall remain in effect. *Id*. at 1. The Court also ordered a post-fact discovery letter pursuant to Section 8.D of the Court's Individual Rules and Practices in Civil Cases ("Individual Civil Rules") be submitted on March 17, 2025, and a post-expert discovery status letter be submitted pursuant to 8.E of the Individual Civil Rules by April 25, 2025. *Id*.

This Court's Individual Civil Rules further provide, at Section 3.E, that any request for an extension of time must be made in writing and filed on ECF as a letter-motion at least 48 hours prior to the deadline sought to be extended. With respect to extensions of the deadline to complete discovery specifically, the Court's Individual Civil Rules state that such requests are "unlikely to be granted. But any such request shall include a statement as to what discovery requests have been propounded, who propounded each request, and on what date; what responses were made, who made each response, and on what date; and the volume of documents produced, who produced the documents, and on what date."

2

Fact discovery closed on March 3, 2025, without any application from the parties for an extension of the deadlines in the Case Management Plan. The parties then failed to timely submit the post-fact discovery status letter due on March 17, 2025. The Court *sua sponte* extended the deadline to March 28, 2025. ECF No. 17. Although the deadline for fact discovery had already passed, the letter states that "[t]he parties have not exchanged responses to interrogatories or fact depositions. No expert witnesses have yet been retained. . . . [I]f the Parties are unable to resolve their dispute in mediation, then they will submit a . . . revised discovery schedule for the completion of all fact and other discovery needed before trial." ECF No. 18.

Pursuant to this Court's Individual Rules and the February 4 Order, the parties were to submit by April 25, 2025, a letter informing the Court if either party intended to file a dispositive motion, and if so, a proposed briefing schedule for such motion. ECF No. 16 at 1; *see also* Individual Civil Rule § 8.E. The parties again neglected to submit the required status letter.

A pretrial conference was held on May 7, 2025. Prior to that conference, no party had filed a motion to reopen discovery. At the conference itself, counsel for Defendant failed to appear.[1] The conference therefore proceeded with only Plaintiff's counsel in attendance. Plaintiff indicated that his requests for discovery of Defendant were still "pending." The Court noted that no motion to compel discovery had been brought during the discovery period, and that discovery had since closed. The Court further observed that neither party had indicated that a dispositive motion would be filed. The Court therefore entered a Scheduling Order requiring the submission of the joint pretrial order, motions in limine, and pretrial memoranda of law by July 7, 2025. ECF No. 21.

---

[1] Defense counsel blames a calendaring error for her failure to appear at the May 7 conference. The Court notes that, not only was this conference first noticed on February 4, 2025, but that the Court, per its usual practice, sent a reminder notice to counsel the day before the conference.

3

Two and a half months after the conclusion of fact discovery, and almost a month after expert discovery closed, the parties for the first time filed the instant motion, seeking to "amend" the Case Management Plan so as to reopen discovery. The parties claim that they have been "diligent" in that they have served discovery requests and initial disclosures, submitted status reports, and participated in a mediation. ECF No. 27 at 1. They further argue that their clients would be prejudiced by the failure to obtain necessary discovery. *Id.*

Additionally, Defendant filed a motion seeking leave to file a summary judgment brief. ECF No. 29. Defendant stated that a calendaring error led her to miss the deadline for submitting the letter indicating an intent to file a dispositive motion. ECF No. 27 at 1-2. The parties jointly proposed a briefing schedule for this contemplated motion for summary judgment. ECF No. 28.

### A. The Motion to Reopen Discovery

"A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021). A party seeking to reopen discovery must show that the failure to obtain the needed discovery "was not caused by the party's own lack of diligence." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012). That is, the parties "seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite their diligence." *136 Field Point Circle Holding Co. LLC v. Razinski*, No. 21 Civ. 11076 (JHR), 2024 WL 182131, at *2 (S.D.N.Y. Jan. 17, 2024) (cleaned up). In determining whether good cause exists to reopen discovery, courts also consider the moving party's explanation for failing to comply with the scheduling order, their diligence in seeking a modification to the schedule, the importance and relevance of the additional discovery sought, whether the party seeking the additional discovery

4

has had an adequate opportunity for discovery, prejudice to the party opposing the request, and the imminence of trial. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).

In this case, the parties had four months to conduct fact discovery, and an additional six weeks to conduct expert discovery. That was ample time to complete discovery in this suit brought under the Family and Medical Leave Act involving a single plaintiff. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198–99 (2d Cir. 2014) (district court did not abuse its discretion in denying motion to reopen discovery where parties had "ample time in which to pursue the discovery that it now claims is essential" (citation omitted)); *136 Field Point Circle Holding Co.*, 2024 WL 182131 at *2 (four months for fact discovery sufficient); *see also* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.").

The parties' claims of diligence is unsupported by the record. Notably, the parties here are not seeking to reopen discovery to conduct a discrete deposition, or to produce a single expert report. Other than initial disclosures, the parties have wholly failed to conduct discovery, fact or expert, during the period allotted by the Court. Nor do they have an adequate explanation for this lapse. By their own admission, the parties ignored the Court's warning that discovery deadlines would not be stayed simply because the parties were participating in mediation and elected not to incur the expense of completing discovery until mediation was concluded. *See* ECF No. 27 at 1 (indicating that the parties focused on mediation "as resolution would have obviated substantial legal fees for both parties for continuing the litigation and discovery"). They knowingly assumed the risks of this strategic choice and cannot ask now to be relieved of the consequences of that decision.

5

The parties' reliance upon their submission of status reports as evidencing their diligence in this matter, *Id.*, only highlights counsels' lackadaisical approach to the deadlines set by this Court. Of the three Court-ordered status reports, only one was submitted timely. The second was submitted after the Court issued an order reminding the parties of their obligation to submit the report and *sua sponte* extending the time to do so. The third status report was never submitted at all.

The parties also argue that their clients would be highly prejudiced by a failure to reopen discovery. *Id.* at 2. This argument turns the good cause analysis on its head. It will inevitably be the case that the more egregious the failure to conduct discovery in the time mandated by the Court, the more the parties will lack critical evidence in support of their claims and defenses. But prejudice caused by a lack of diligence does not constitute "good cause" within the meaning of Rule 16(b)(4).

Counsel for Plaintiff indicates in her letter that she underwent an emergency medical procedure that "contributed to counsel's failure to timely seek an extension of the discovery deadlines prior to the May 7, 2025 pre-trial conference." *Id*. The Court agrees that a medical emergency that prevented counsel from completing discovery would constitute good cause for an extension of the discovery deadline, and potentially for reopening discovery. Yet there are several issues with the adequacy of Plaintiff's submission. First, the time to seek an extension of the discovery deadline was not before the May 7 conference. Rather, requests to extend the fact discovery deadline should have been submitted no later than March 1, 2025, and requests to extend the expert discovery deadline were due by April 16, 2025. Second, it is not clear whether, and to what extent, any medical condition impeded Plaintiff's counsel from conducting fact discovery before March 3 or expert discovery prior to April 18, and how her medical condition prevented her from seeking a timely extension of the discovery deadlines. The Court

6

is therefore unable to conclude, based on the present record, that Plaintiff's counsel's medical condition prevented the parties from timely completing discovery.

Accordingly, the Court DENIES the motion to reopen discovery, without prejudice to renewal of the motion with additional information regarding the timing of Plaintiff's counsel's emergency medical procedure and how this medical condition affected the ability of the parties to timely complete discovery. To the extent such a submission contains sensitive medical information, the Court authorizes Plaintiff to file the motion under seal, while simultaneously filing a redacted version on the public docket.

**B.      Request to File Dispositive Motion**

Defendant also requests leave to file a motion for summary judgment. Rule 56(b) provides that "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." The Case Management Plan did not set a definitive deadline for the filing of dispositive motions. Nor did this Court. Rather, the Undersigned required the parties to submit a status letter by April 25 to inform the Court whether a dispositive motion was contemplated. Having received no such letter, and as Defendant did not appear at the pretrial conference scheduled in this case, the Court issued the Scheduling Order that set the deadlines for pretrial submissions. Accordingly, the deadline for the filing of summary judgment motions was May 19, 2025.

Defendant filed its letter motion on May 16, 2025, along with a proposed briefing schedule for the summary judgment motion. Construing that letter as a motion for an extension of the deadline to file a summary judgment motion, the Court GRANTS the motion and approves the joint briefing schedule proposed by the parties.

7

## CONCLUSION

The Court DENIES the motion to reopen discovery or amend the deadlines set forth in the Case Management Plan without prejudice to a submission from Plaintiff's counsel specifically addressing how her medical condition impacted her ability to conduct fact discovery prior to the March 3 deadline or expert discovery prior to the April 18 deadline, or to timely seek extensions of those deadlines.

The Court GRANTS the motion for leave to file a dispositive motion. Dispositive motions must be filed by August 30, 2025. Opposition papers shall be due September 30, 2025. Reply papers shall be due October 15, 2025. The Court hereby ADJOURNS sine dia the deadlines set forth in the Scheduling Order entered at ECF No. 21.

The Clerk of Court is directed to terminate ECF Nos. 27 and 29.

SO ORDERED.

Dated: May 22, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge